1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF        )    Case No. EDCV 10-01449 VAP
    AMERICA,                )
12                          )
                  Plaintiff, )   **ORDER DENYING PETITION FOR**
13                          )    **WRIT OF HABEAS CORPUS**
         v.                 )
14                          )
    JOSE CHAVEZ HUERTA,     )
15                          )
                  Defendants. )
16  _____ )

17

18        Defendant-Petitioner Jose Chavez Huerta

19  ("Petitioner") filed this Motion under 28 U.S.C. § 2255

20  to Vacate, Set Aside or Correct Sentence by a Person in

21  Federal Custody ("Motion") on September 22, 2010.  (Doc.

22  No. 507.[1])  On October 15, 2010, the Government filed its

23  Opposition to the Motion ("Opposition").  (Doc. No. 509.)

24

25  _____

26        [1] Many of the documents appear on both the civil
    docket for this case, United States v. Huerta, No. ED-CV-
27  10-1449-VAP (C.D. Cal. filed Sept. 22, 2010), and on the
    docket for the underlying criminal case, United States v.
28  Huerta, No. ED-CR-07-0069-SGL (C.D. Cal. filed Apr. 24,
    2007).  Unless otherwise noted, all citations to docket
    numbers refer to the criminal case docket.

Petitioner did not file a reply.  For the reasons set
forth below, the Court DENIES the Motion.

## I.  BACKGROUND

On February 2, 2009, Petitioner pled guilty before
the Court, the Honorable Stephen G. Larson presiding, to
one count of violating 21 U.S.C. §§ 846, 841(a)(1).  On
September 14, 2009 the Court imposed a sentence of 240
months imprisonment and ten years of supervised release,
and on September 23, 2009, the Court issued its Judgment
and Commitment Order.  (Doc. No. 485.)  Petitioner did
not file a direct appeal from his conviction or sentence.

## II. LEGAL STANDARD

28 U.S.C. § 2255 permits federal prisoners to file
motions to vacate, set aside, or correct a sentence on
the ground that "the sentence was imposed in violation of
the Constitution or laws of the United States, or that
the court was without jurisdiction to impose such
sentence, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to
collateral attack[.]"  28 U.S.C. § 2255.  The Supreme
Court has "repeatedly stressed the limits of a § 2255
motion . . . [and] cautioned that § 2255 may not be used
as a chance at a second appeal." United States v. Berry,
624 F.3d 1031, 1038 (9th Cir. 2010) (citing United States
v. Addonizio, 442 U.S. 178, 184 (1979)).

### III. DISCUSSION

Petitioner asserts two grounds in his Motion: (1) his defense attorney "failed to conduct a thorough investigation into the continuing legality of the wire taps" in his underlying criminal case, and thus his conviction was based upon faulty evidence (Mot. at 3); and (2) prison officials have violated his rights under the First and Fifth Amendments by stealing his legal papers and denying him legal assistance to research and prepare his petition (id. at 4).   The Government argues neither claim is cognizable under § 2255.

### A.   Petitioner's First Claim

In his first claim, Petitioner challenges his sentence on the basis that he was convicted based upon evidence gained from wiretaps and that his counsel "failed to conduct a thorough investigation into the continuing legality of the wire taps."   (Mot. at 3.) Petitioner cannot bring his first claim because it is procedurally barred.

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.   Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (citations and internal quotation

3

marks omitted).  "Where a defendant has procedurally
defaulted a claim by failing to raise it on direct
review, the claim may be raised in habeas only if the
defendant can first demonstrate either 'cause' and actual
'prejudice' or that he is actually innocent."  Id. at 622
(internal citations omitted); see also United States v.
Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994) (sentencing
errors not raised on direct appeal are waived and may not
be reviewed by § 2255 motion).

A petitioner may demonstrate "cause" by showing "that
'some objective factor external to the defense impeded
his adherence to the procedural rule.'"  United States v.
Skurdal, 341 F.3d 921, 925 (9th Cir. 2003) (quoting
Murray v. Carrier, 477 U.S. 478, 488 (1986)).  A
petitioner can demonstrate "prejudice" by showing "not
merely that the errors at . . . trial created a
possibility of prejudice, but that they worked to his
actual and substantial disadvantage, infecting his entire
trial with error of constitutional dimensions."  United
States v. Frady, 456 U.S. 152, 170 (1982); United States
v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007).

As Petitioner brings his first claim under the Sixth
Amendment and challenges the actions of his attorney, he
appears to assert a claim for ineffective assistance of
counsel.  A successful claim for ineffective assistance

4

of counsel can satisfy the "cause" requirement.  <u>United
States v. Withers</u>, 638 F.3d 1055, 1064 (9th Cir. 2011);
<u>cf.</u> <u>Murray</u>, 477 U.S. at 492 ("Attorney error short of
ineffective assistance of counsel does not constitute
cause for a procedural default[.]").  To establish an
ineffective assistance claim, a petitioner must "show
that his 'counsel's representation fell below an
objective standard of reasonableness,' and that there is
a 'reasonable probability' that the deficient performance
prejudiced the defense." <u>Withers</u>, 638 F.3d at 1064-65
(quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88,
694 (1984)).

     Petitioner's claims do not begin to meet the standard
for ineffective assistance.  He provides few details for
his claim, asserting only that his counsel did not
conduct a "thorough investigation" into the legality of
the wiretaps.  Petitioner does not explain whether his
attorney conducted any investigation into the legality of
wiretaps, nor why the wiretaps were illegal.  More
importantly, Petitioner does not explain how this alleged
failure falls below "an objective standard of
reasonableness."  Petitioner's bald assertion that a
"cursory review" of the wiretaps "strongly suggests" that
they were unlawful does not demonstrate a reasonable
probability that his counsel's failure to investigate the
legality of the wiretaps more thoroughly prejudiced the

defense.  See Murray, 477 U.S. at 486 ("[T]he mere fact that counsel failed to recognize the factual or legal basis for the claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").  Thus, Petitioner's claim of ineffective assistance of counsel does not meet the cause standard.

A petitioner can also meet the cause standard where his claim "rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where 'interference by officials' may have prevented the claim from being brought earlier." Braswell, 501 F.3d at 1150 (quoting Murray, 477 U.S. at 488).  Here, Petitioner does not attempt to claim either novelty or interference to excuse his failure to raise the legality of the wiretap evidence on direct appeal.  Accordingly, Petitioner has failed to show cause excusing his procedural default. See Braswell, 501 F.3d at 1150 (denying § 2255 motion as procedurally defaulted for failure to demonstrate cause); United States v. Ratigan, 351 F.3d 957, 964-65 (9th Cir. 2003) (holding petitioner procedurally defaulted on his claims and failed to show this default was excused).  As Petitioner has not shown cause, the Court does not address the prejudice prong of the exception.

1    Finally, the Court notes that Petitioner does not
2  attempt to claim his "actual innocence" so this exception
3  to the procedural bar is similarly inapplicable.
4  Accordingly, the Court DENIES Petitioner's Motion on his
5  first claim.
6
7  **B.   Petitioner's Second Claim**
8    In his second claim, Petitioner asserts that prison
9  officials have taken his legal papers and refused to
10 return them.  (Mot. at 4.)  The Government argues this
11 claim is not cognizable in a § 2255 motion.  (Opp'n at
12 8.)
13
14   The Government's argument is correct.  As previously
15 stated, § 2255 allows a petitioner to challenge his
16 sentence "upon the ground that the sentence was imposed
17 in violation of the Constitution or laws of the United
18 States, or that the court was without jurisdiction to
19 impose such sentence, or that the sentence was in excess
20 of the maximum authorized by law, or is otherwise subject
21 to collateral attack[.]"  28 U.S.C. § 2255(a).  As
22 Petitioner's allegations regarding his legal papers do
23 not challenge his sentence, they are not cognizable in a
24 petition under § 2255.  Accordingly, the Court DENIES
25 Petitioner's Motion on his second claim.
26
27
28

1

**IV. CONCLUSION**

2          For the foregoing reasons, the Court DENIES

3   Petitioner's Motion.

4

5

6   Dated:  August 22, 2011

                                     _____
7                                     VIRGINIA A. PHILLIPS
                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28